PEARSON, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SANDERS, | ) | |
| | ) | CASE NO. 4:17CV0979 |
| Plaintiff, | ) | |
| | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Christopher Sanders filed the above-captioned action against the United

States and the Youngstown Jail Medical Department.  The Complaint (ECF No. 1)does not

contain any factual allegations.  Plaintiff asks the Court to allow him to conduct an investigation.

## I.  Background

Plaintiff is now a federal inmate at Federal Correctional Institution, McDowell ("FCI

McDowell") in West Virginia.  The body of his Complaint states in its entirety, "I was in the jail

in 2009 after I was sentence [sic] to 240 months."  ECF No. 1 at PageID #: 3.  Plaintiff's prayer

for relief states:

> To allow me or show me how to start a full investigation on the
> jail.  Medical team unit officer's [sic] and the cellmates I had.  And
> the food and drinks in commissary (things) that are being send [sic]
> to the federal institution in holdovers I been to since 2009 when I
> left the jail in Youngstown Ohio or is it Dayton Ohio 45429 in the
> courthouse in Ohio when I get home.  The jail on hold over maybe
> a federal correction [sic] institution I am unsure what I am looking
> to no [sic] is why the food drinks and other things coming from

> Ohio with drugs in it.  And a case number civil to start my
> investigation.

*Id.* at PageID #: 4.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Although a complaint need not contain detailed factual allegations, its "[f]actual allegations

must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. Law and Analysis

Plaintiff's Complaint (ECF No. 1) fails to meet the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because the Complaint does not contain any factual allegations or legal claims. *See* Fed. R. Civ. P. 8. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). It must give defendants fair notice of what a

plaintiff's claims are and the grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would require the courts to "explore exhaustively all potential claims of a *pro se* Plaintiff, . . . [and] . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Here, even liberally construed, the Complaint does not sufficiently state the federal constitutional claim or claims upon which Plaintiff intends to base his action.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 August 31, 2017             */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                    United States District Judge